## IN THE COURT OF APPEALS OF IOWA

No. 14-2142
Filed April 27, 2016

**STATE OF IOWA,**
      Plaintiff-Appellee,

**vs.**

**JASMIN ALAGIC,**
      Defendant-Appellant.
_____

      Appeal from the Iowa District Court for Black Hawk County, James D. Coil, District Associate Judge.

      A criminal defendant appeals his sentence after pleading guilty to driving while barred and operating while intoxicated, third offense. **AFFRIMED.**

      David Barajas of Gaudineer & George L.L.P., West Des Moines, for appellant.

      Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.

      Considered by Danilson, C.J., and Vogel and Potterfield, JJ.

**POTTERFIELD, Judge.**

Jasmin Alagic appeals his sentence after pleading guilty to driving while barred and operating while intoxicated, third offense. He argues his attorney was constitutionally ineffective for failing to ensure the presence of a Bosnian interpreter at his sentencing hearing. We find the record inadequate to decide Alagic's ineffective-assistance-of-counsel claim on direct appeal. We therefore affirm his sentence and preserve the claim for postconviction proceedings.

## I.  Background Facts and Proceedings

On September 3, 2014, the State charged Alagic by trial information with three crimes: driving while barred as a habitual offender, an aggravated misdemeanor, in violation of Iowa Code sections 321.560 and 321.561 (2013); operating while intoxicated, third offense, a class "D" felony, in violation of Iowa Code section 321J.2; and driving while license denied or revoked, a serious misdemeanor, in violation of Iowa Code section 321J.21.

On September 18, 2014, Alagic filed a written plea of not guilty that included the statement, "I . . . can read, write, speak and understand the BASIC English language. While I have requested an interpreter for trial, I understand the purpose of this document." Alagic withdrew his not-guilty plea at a hearing on October 23, 2014, and entered plea of guilty to driving while barred and operating while intoxicated, third offense. A Bosnian interpreter was present for the plea hearing pursuant to the court's order. The court's order appointing the interpreter includes the phrase "interpreter for duration of the case," but the interpreter submitted his claim for fees for the case following the plea hearing.

Alagic was sentenced on November 13, 2014. No Bosnian interpreter was present, and there was no mention of the absence of the interpreter. Alagic was sentenced to a term of incarceration not to exceed two years for driving while barred and a term of incarceration not to exceed five years for operating while intoxicated, third offense. The district court ordered that the two prison terms run concurrently and be served at the Iowa Medical and Classification Center at Oakdale, Iowa. The district court also revoked Alagic's driving privileges for six years and imposed the applicable fines.

The following exchanges occurred at the sentencing hearing immediately prior to and immediately after the district court imposed its sentence:

> THE COURT: Mr. Alagic, under Iowa law you have the right to speak on your own behalf in addition to what your attorney might have already said before sentence is imposed. Is there anything you wish to say?
> THE DEFENDANT: No.
> THE COURT: Would you please stand.
> THE DEFENDANT: (Complied.)
> . . . .
> THE COURT: Do you have any questions about your sentence?
> THE DEFENDANT: Yes. So—
> THE COURT: You have to speak up, please.
> THE DEFENDANT: So I go to prison, right?
> DEFENSE COUNSEL: Oakdale is the Iowa Medical Classification Center.
> THE DEFENDANT: For how long?
> DEFENSE COUNSEL: Not to exceed five years.
> THE COURT: Well, it will be a sentence of not to exceed five years. When and if you are paroled will be determined by the parole board.
> DEFENSE COUNSEL: The mandatory minimum is thirty days. You've been in custody well in excess of that and will get credit for that. It's really—
> THE COURT: You will receive credit for any time previously served while you've been pending trial in jail. Any other questions?
> THE DEFENDANT: No.

Alagic now appeals.

## II. Standard of Review

We may decide ineffective-assistance-of-counsel claims on direct appeal if we determine that the record is adequate. *State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006). We review claims of ineffective assistance of counsel de novo. *Id.* This is our standard because such claims have their basis in the Sixth Amendment to the United States Constitution. *State v. Clay*, 824 N.W.2d 488, 494 (Iowa 2012).

## III. Discussion

Alagic argues his counsel was ineffective for failing to ensure the presence of a Bosnian interpreter at his sentencing hearing. He further argues he was prejudiced because he was unable to fully understand the proceedings and had only a limited ability to assist his attorney in presenting mitigating sentencing factors to the district court.

In order to prevail on his claim of ineffective assistance of counsel, Alagic must establish both that "(1) his trial counsel failed to perform an essential duty, and (2) this failure resulted in prejudice." *State v. Straw*, 709 N.W. 2d 128, 133 (Iowa 2006) (citing *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984)). Both elements must be proved by a preponderance of the evidence. *Straw*, 709 N.W.2d at 133. When a claim of ineffective assistance of counsel is raised on direct appeal, an appellate court may either "decide the record is adequate to decide the claim or may choose to preserve the claim for [postconviction proceedings]." Iowa Code § 814.7(3) (2015).

We find the record before us is not sufficient to address Alagic's claim of ineffective assistance of counsel. It is impossible to tell what Alagic's level of English proficiency is or which portions, if any, of the sentencing proceedings he was unable to understand. Alagic obviously has some degree of proficiency, as he was able to converse in English with both the district court and his counsel. We have no explanation before us as to why Alagic's counsel chose to proceed without an interpreter, given that the district court had previously deemed one necessary. Finally, the record does not contain information about the mitigating factors Alagic would have presented to the district court in furtherance of a more favorable sentence.

Because we find the record before us is not sufficient to decide Alagic's claim, we affirm the district court's sentence and preserve the claim for postconviction proceedings so that the record can be more fully developed.

**AFFIRMED.**